IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.  **CAUSE NO. 1:18CR1-LG-RHW**

**KEVIN ROMEL MARION**

### ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

**BEFORE THE COURT** is the *pro se* [5] Motion for Early Termination of Supervised Release filed by the defendant, Kevin Romel Marion. On June 18, 2013, the United States District Court for the Southern District of Alabama convicted Marion of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The Southern District of Alabama sentenced Marion to 29 months' imprisonment, 8 years' supervised release, and a $100 special assessment. Marion's supervised release commenced on October 2, 2017, and is scheduled to expire on February 16, 2025.

On April 13, 2021, Marion filed his first *pro se* [3] Motion for Early Termination of Supervised Release. The Court denied Marion's request. (*See* Order, ECF No. 4). Almost a year later, Marion filed the instant *pro se* [5] Motion for Early Termination of Supervised Release, claiming that he has "received educational certificates and also participated in programs and in classes to prepare him for entry back into society to live a productive life." (Mot., at 1, ECF No. 5). He

also claims to have "fulfilled all the conditions of his supervised release." (*Id.*) The United States Probation Office objects to early termination of supervised release.

The Court has the authority to terminate a term of supervised release "after considering the factors set forth in 3553(a) . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e), (e)(1). The Court has broad discretion to determine whether early termination is warranted. *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998). Typically, to qualify for early termination, a defendant must show that there has been the expiration of one year of supervised release, *see* 18 U.S.C. § 3583(e)(1), and changed circumstances such as exceptionally good behavior. *See, e.g.*, *United States v. Williams*, 5:15-cr-5, 2020 WL 5995692, at *2 (S.D. Miss. Oct. 9, 2020) (citation omitted); *United States v. Akin*, 38 F. App'x 196, 198 (6th Cir. 2002) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).

Here, although Marion has served one year of supervised release, he has not presented any exception or changed circumstances that would justify early termination of his supervised release. The United States Probation Office attests to Marion's compliance with the terms of his supervised release, but this fact alone does not warrant early termination. His conduct simply constitutes compliance with the "Standard Conditions of Supervision" imposed by the court's judgment. *See United v. Jones*, No. V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013); *see also United States v. Hartman*, 3:00-cr-228, 2013 WL 524257, at *4 (N.D. Tex. Jan. 18, 2013) (finding that complying with the "Standard Conditions of Supervision"

does not warrant early termination). Moreover, Marion was previously granted early termination of supervised release in the Southern District of Alabama under Docket No. 1:00-cr-70. Marion's supervision came to an end when he was arrested in the instant case. A prior violation of supervised release weighs heavily against the early termination of Marion's current supervised release sentence. *See Williams*, 2020 WL 5995692, at *2.

The § 3553(a) factors also disfavor termination. *See* 18 U.S.C. § 3553(a); *see also* 18 U.S.C. § 3583(e). As previously discussed in this Court's [4] Order, other defendants who abide by all their supervised release conditions for similar drug crimes are required to serve their entire supervised release term. *See Hartman*, 2013 WL 524257, at *3 (citation omitted). Considering the offense for which Marion was convicted, the Court concludes that termination of supervised release must be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the *pro se* [5] Motion for Early Termination of Supervised Release filed by the defendant, Kevin Romel Marion, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 10th day of March, 2022.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE